Jason Richardson, OSB No. 172379
jason.richardson@mhllp.com
**McDOWELL HETHERINGTON LLP**
1001 Fannin, Suite 2400
Houston, TX 77002
Telephone: 713.337.8872
Fax: 713.337.8862

Jodi Swick, California State Bar No. 228634*
jodi.swick@mhllp.com
Hanqiu Liu, California State Bar No. 333075*
ian.liu@mhllp.com
**McDOWELL HETHERINGTON LLP**
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone: 510.628.2194
Fax: 510.628.2146

* Admitted *Pro Hac Vice*

Attorneys for Plaintiff
SECURIAN LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>SYTSKE SMELLIE, E.S., a minor, and DAVID ASHLEY SMELLIE, as personal representative of the estate of AARON LEE SMELLIE<br><br>            Defendants. | Case No. 3:23-cv-01188-YY<br><br>JOINT STIPULATED DISMISSAL OF INTERPLEADER |

Page 1 –   JOINT STIPULATED DISMISSAL OF INTERPLEADER

IT IS HEREBY STIPULATED by and between Plaintiff Securian Life Insurance Company and Defendants Sytske Smellie, E.S., a minor, and David Ashley Smellie, as personal representative of the estate of Aaron Lee Smellie (collectively, the "Parties") as follows:

1. Securian Life Insurance Company ("Securian") issued group benefits to United Natural Foods, Inc. as part of an employee welfare benefit plan regulated by ERISA.

2. Aaron Lee Smellie (the "Decedent"), as an employee of United Natural Foods, Inc. and pursuant to the ERISA-governed plan, became a certificate holder of insurance policy number 0070037 (the "Policy").

3. The Decedent died on April 6, 2023.

4. At the time of his death, the Decedent's total benefit amount in life insurance under the Policy was $386,000.00 (the "Death Benefit"). Ms. Smellie was the Decedent's designated primary beneficiary under the Policy. The Decedent and Ms. Smellie were divorced at the time of the Decedent's death and had two children, who are currently minors. One of their children – E.S., a minor, was the Decedent's sole contingent beneficiary.

5. Under Ms. Smellie's and the Decedent's divorce agreement, the Decedent was required to maintain a life insurance policy in the amount of $150,000.00 to insure his child support and spousal support obligations until all

such obligations and any arrearage under the divorce agreement are fully paid. Additionally, Ms. Smellie was to be named as direct beneficiary of the $150,000.00 life insurance policy. However, the divorce agreement was ambiguous as to whether Securian was the insurer for the $150,000.00 life insurance policy.

6. Moreover, Mr. David Smellie, as the personal representative of the Estate of Aaron Lee Smellie, claimed that the Aaron Lee Smellie's two minor children are entitled to the Death Benefit.

7. Shortly after the Decedent's death, Securian received notice of the Decedent's death, opened a claim, and received competing and adverse claims to the entirety of the Death Benefit. Securian was unable to safely pay the Death Benefit without being exposed to double or multiple liability to the defendants.

8. Consequently, on August 15, 2023, Securian commenced the instant action by filing the Complaint for Interpleader Relief pursuant to Rule 22 of Federal Rules of Civil Procedure, 28 U.S.C. § 1331, and 28 U.S.C. §1332 against the current Defendants.

9. In September of 2023, the Parties reached a settlement and now seek to resolve all claims in this matter. Under the agreed settlement, Securian is to receive $9,000.00 of the Death Benefit for fees and costs, Ms. Smellie is to receive $150,000.00 of the Death Benefit, and the remainder of the Death Benefit ($227,000.00), plus accrued interest in the amount of $2,368.88, will be divided

equally among Decedent's two minor children. Each minor child will receive an amount of $114,684.44, which Securian will deposit in two separate accounts upon each minor's conservator completing a Minor Beneficiary Statement form and Securian finding the form is in good order.

10. Except for this Stipulation and Order awarding fees and costs to Securian in the amount of $9,000.00, all parties are to bear their own fees and costs with respect to the order and judgment for discharge in interpleader and dismissal with prejudice as to Securian.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and Federal Rule of Civil Procedure Rule 22 because Securian is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000. Securian is a citizen of the State of Minnesota, and all Defendants are citizens of different states, including the States of Utah and Oregon. The amount in controversy in this action exceeds $75,000 because the subject Death Benefit totals $386,000.00.

12. This interpleader action also is brought pursuant to 28 U.S.C. § 1331 of the Federal Rules of Civil Procedure. This action meets the requirements for federal question jurisdiction as the subject group insurance policy is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq.

13. Securian is a disinterested stakeholder and is indifferent to which defendant or defendants is/are entitled to the Death Benefit under the Policy.

14. Having brought this action and having agreed to distribute the Death Benefit per the parties' settlement agreement, this Stipulation, and related Court order, and minus Securian's fees and costs in the amount of $9,000.00, Securian, its predecessors, successors, affiliates, parent corporations, employees, officers and agents are fully and forever released, discharged and acquitted of any liability of any kind or nature whatsoever with respect to the terms of the Policy, the Death Benefit payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

15. Defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Securian, its predecessors, successors, affiliates, parent corporations, employees, officers and agents with respect to the terms of the Policy, the Death Benefit payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

16. Securian is dismissed with prejudice from this action.

17. This action shall proceed between the Defendants.

18. Pursuant to Fed. R. Civ. P 73(b), the parties consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including approval of the parties' settlement agreement and entry of an order for joint stipulated dismissal of interpleader in the form attached hereto as Exhibit A.

19. Pursuant to Local Rule 11-1, all parties consent to this Joint Stipulated Dismissal of Interpleader and approve of their signatures being affixed herein.

DATED: November 29, 2023        McDOWELL HETHERINGTON LLP

By:   s/ *Jason Richardson*
Jason Richardson, OSB No. 172379
Jodi Swick, California State Bar No. 228634*
Hanqiu Liu, California State Bar No. 333075*

** Admitted *Pro Hac Vice*

Attorneys for Plaintiff
Securian Life Insurance Company


DATED: November 29, 2023        By:   s/ *Sytske Smellie*
Sytske Smellie
Self-Represented Defendant


DATED: November 29, 2023        By:   s/ *David Smellie*
David Smellie, as personal representative of the estate of Aaron Lee Smellie
Self-Represented Defendant


DATED: November 29, 2023        By:   s/ *Katie Bennett*
Katie Bennett
Attorney for Defendant E.S., a minor